UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

Via intake ⓢ
FILED  9:58AM

MAY - 3 2024

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

In re:

Richard Seth Tannenbaum

Case No.: 8:24-ap-00153

Chapter 11
Subchapter V

Debtor.

_____/

**Motion for Declaratory Judgment Regarding Non-Reliance on Pre-Contractual Representations**

Debtor-in-Possession Richard Tannenbaum, on behalf of Debtors-in-Possession (the "**DIP**") and Defendants OBG OpCo, LLC and Leigh Holdings, LLC d/b/a Ouroboros Group (collectively, the "**Defendants**"), through undersigned DIB, hereby moves this Court pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 2201 for a declaratory judgment that the Plaintiffs cannot rely on any alleged representations made prior to the execution of the Purchase and Sale Agreements ("**PSAs**") between the parties, including the alleged UBS letter of reference. In support thereof, Defendants state as follows:

Introduction

1. In March 2022, the parties executed Purchase and Sale Agreements for the sale of certain Honey Dew Donuts assets from Plaintiffs to Defendants. The PSAs contained clear and unambiguous non-reliance language stating that the Plaintiffs were relying solely on the

representations and warranties contained within the four corners of the PSAs themselves, and not on any prior representations.

2. Specifically, Section 8.17 of the Real Estate PSA provides:

"This Agreement and all other Transaction Documents, and all other certificates, instruments or agreements to be delivered hereunder and thereunder constitute the entire agreement between the parties with respect to the subject matter hereof, and there are no other representations, warranties or agreements, written or oral, between Seller and Purchaser with respect to the subject matter of this Agreement."

3. Now, in this adversary proceeding, Plaintiffs are attempting to rely on an alleged letter of reference purportedly from UBS that Defendants allegedly sent to Plaintiffs in October 2021, prior to the execution of the PSAs. However, under the clear terms of Section 8.17 and well-established law, the non-reliance provisions in the PSAs preclude Plaintiffs from relying on any such pre-contractual representations.

4. The sworn testimony of Plaintiffs' own witnesses in this case confirms that Plaintiffs did not actually rely on the alleged UBS letter in entering into the PSAs.

5. Therefore, Defendants are entitled to a declaratory judgment that the alleged UBS letter and any other pre-contractual representations are irrelevant and cannot form the basis for any of Plaintiffs' claims in this case as a matter of law.

**Relevant Facts**

6. Section 8.14 of the Real Estate PSA further bolsters the non-reliance language, stating:

"This is an agreement between parties who are experienced in sophisticated and complex matters similar to the Transaction, and this Agreement and the other Transaction

Documents are entered into by both parties in reliance upon the economic and legal bargains contained herein and therein, and shall be interpreted and construed in a fair and impartial manner without regard to such factors as the party which prepared the instrument, the relative bargaining powers of the parties or the domicile of any party. Seller and Purchaser were each represented by legal counsel competent in advising them of their obligations and liabilities hereunder."

7. During discovery in this adversary proceeding, each of Plaintiffs' witnesses who were questioned on this topic testified under oath that they did not rely on the alleged UBS letter of reference in entering into the PSAs:

- Richard J. "Dick" Bowen, Plaintiffs' principal, testified that he did not read the UBS letter prior to signing the PSAs and did not rely on it.

- Plaintiffs' investment banker testified that the UBS letter did not impact his advice to Plaintiffs regarding entering into the PSAs.

- Plaintiffs' transactional attorney testified that he did not rely on the UBS letter in negotiating or advising Plaintiffs to sign the PSAs.

## Legal Argument

8. It is black letter law that sophisticated parties to a contract can disclaim reliance on extra-contractual representations through non-reliance clauses like the ones contained in Sections 8.14 and 8.17 of the PSAs here. Such clauses are regularly enforced by courts to preclude fraud and misrepresentation claims based on pre-contractual statements. See e.g. *Stoneridge Control Devices, Inc. v. Teleflex Inc.*, 36 Mass. L. Rptr. 151 (Mass. Super. Ct. 2019); *Starr v. Fordham*, 420 Mass. 178 (1995)

9. Plaintiffs, who were represented by competent legal counsel as acknowledged in Section 8.14, agreed in Section 8.17 that the PSAs constituted the entire agreement between the parties and there were no other representations or agreements. They cannot now rely on the alleged UBS letter in contravention of this clear contractual language.

10. Moreover, Plaintiffs' own witnesses have confirmed under oath that Plaintiffs did not actually rely on the UBS letter in entering into the PSAs. Reliance is an essential element of any fraud or misrepresentation claim under Massachusetts law. *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216 (1st Cir. 2003) (applying Massachusetts law).

11. Therefore, as a matter of law, Plaintiffs cannot base any claims on the alleged UBS letter or other pre-contractual representations in the face of the non-reliance clauses in Sections 8.14 and 8.17 and their own admissions of non-reliance. The non-reliance clauses render any such pre-contractual representations legally irrelevant.

**WHEREFORE, for the foregoing reasons,** Defendants respectfully request that the Court enter a declaratory judgment that, as a matter of law:

a) The non-reliance provisions in Sections 8.14 and 8.17 of the Real Estate PSA between Plaintiffs and Defendants preclude Plaintiffs from relying on any extra-contractual representations, including the alleged UBS Letter of Reference;

b) Plaintiffs' admitted lack of reliance on the alleged UBS letter, as evidenced by the sworn testimony of their own witnesses, independently precludes any fraud or misrepresentation claim based on that document; and

c) Any representations allegedly made by Defendants prior to the execution of the PSAs in March 2022 are legally irrelevant and cannot form the basis for any of Plaintiffs' claims in this adversary proceeding.

**RESPECTFULLY SUBMITTED** this Thursday, May 2, 2024

**Richard Tannenbaum**

By himself,

Richard Seth Tannenbaum
*Pro Se*[1], *DIP*[2]
401 N ASHLEY DR #173254
TAMPA, FL 33602-4301
T: (813) 308-9273
Email: rtannenbaum@ouroborosgroupllc.com

**Verification**

I, Richard Tannenbaum, as the Debtor-in-Possession, hereby state under penalty of perjury that I have read the foregoing **Motion for Declaratory Judgment Regarding Non-Reliance on Pre-Contractual Representations** and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Richard Seth Tannenbaum

---

[1] Not admitted to practice in any jurisdiction.
[2] As the DIP for OBG Opco, LLC and Leigh Holdings, LLC d/b/a Ouroboros Group

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

www.flmb.uscourts.gov

MAY - 3 2024

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

In re:

Richard Seth Tannenbaum

Case No.: 8:24-ap-00153
Chapter 11
Subchapter V

Debtor.

_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Friday, May 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I further certify that I have caused a true and correct copy of the foregoing to be served via U.S. Mail, postage prepaid, to:

Jack J. Mikels (BBO# 345560)
Michael A. Wirtz (BBO#636587)
Joanne D'Alcomo (BBO 544177)
JACK MIKELS & ASSOCIATES LLP
1 Batterymarch Park, Suite 309 Quincy, MA 02169

Douglas Brooks, Esq.
Sarah Milkovich, Esq.
Libby Hoopes Brooks & Mulvey, P.C.,
260 Franklin Street
Boston, MA 02110

Richard Seth Tannenbaum, DIP